UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **Diane J. Lahuta,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. _____** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **Encore Receivable Management, Inc.** | ) | **DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Diane J. Lahuta, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Florence Division because the Plaintiff resides in Horry County and the Defendant transacted business in this division.

## PARTIES

4. The Plaintiff, Diane J. Lahuta, is a resident and citizen of the State of South

Carolina, Horry County, and is over the age of twenty-one (21) years.

5. The Defendant, Encore Receivable Management, Inc. (hereinafter referred to as "Encore"), is a Kansas corporation operating from an address of 400 North Rogers Road, Olathe, Kansas 66063-0564. The Defendant is registered to do business in the State of South Carolina and can be served through its registered agent, C T Corporation System, 75 Beattie Place, Greenville, SC 29601.

6. The Defendant was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division. The Defendant is engaged in the business of collecting consumer debts from consumers residing in South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Beginning in June, 2009, and continuing through the present, the Defendant, its agents and employees, have called the Plaintiff's home multiple times each week, with multiple calls on the same day, with the intent to harass, annoy, and intimidate the Plaintiff.

8. The Defendant has used an auto-dialer or some type of automated system to repeatedly telephone the Plaintiff's home with the intent to harass, annoy and intimidate the Plaintiff.

9. From June 2009 through September 2009, the Plaintiff has received over 360

calls.

10. During the month of June 2009 the Defendant contacted the Plaintiff with 13 phone calls on June 19th; 23 calls on June 20th; 21 calls on June 21st; four calls on June 22nd; and nine calls on June 28th.

11. The Plaintiff spoke with a Ms. Christian on June 22, 2009 who asked the Plaintiff if she could make payments. The Plaintiff explained she was out of work. Ms. Christian asked her if she planned on paying this account to which the Plaintiff responded that when she got a job she did plan on trying to pay on the account.

12. During the month of July 2009 the Defendant contacted the Plaintiff with 19 phone calls on July 4th; 22 calls on July 6th; 14 calls on July 7th and July 25th; 11 calls on July 13, 15th and July 27th; 25 calls on July 14th; 21 calls on July 21st; 22 calls on July 22nd; 15 calls on the July 23rd; 7 calls on July 24th; nine calls on July 28th and five calls on July 29th.

13. On July 7, 2009, the Plaintiff spoke with Cheryl who told her she was 108 days late with a payment and the Plaintiff told Cheryl she was still out of work.

14. On July 15, 2009, the Plaintiff received a telephone call from Tamika and the Plaintiff told Tamika that she was still unemployed. The Plaintiff told Tamika that the calls were excessive and Tamika stated she would make a note on Plaintiff's file so the Defendant would only call once a week.

15. During the month of August 2009, the Defendant contacted the Plaintiff with 13 phone calls on August 16th; nine calls on August 17th; eight calls on August 18th; 12 calls on August 22nd, and four calls on August 24th.

16. On August 24, 2009, the Plaintiff spoke with LaToya who told the Plaintiff she was late with her payment and asked the Plaintiff to verify her address. The Plaintiff told LaToya that she was still unemployed.

17. During the month of September 2009, the Defendant contacted the Plaintiff with four telephone calls on September 1, 4, and 7; three calls on September 6, 8, and 15; two calls on September 2 and 20; five calls on September 17th; eight calls on September 18th; and seven calls on September 19th.

18. On September 9, 2009, the Plaintiff spoke to a Julianne who asked her if she could make a payment that day. The Plaintiff told her she was still unemployed and had no funds with which to make a payment.

19. On September 19, 2009, at 4:40 p.m. a telephone call came in as "private number" and a message was left on the Plaintiff's answering machine. The message stated "This is Encore Receivables Management. This is an attempt to collect a debt, any information obtained will be used for that purpose. Please contact me regarding an important business matter at 866-896-3436." At 7:29 p.m. the same day another automated message was left on the Plaintiff's answering machine stating the same thing.

20. On or about June 19, 2009, the Plaintiff received a letter from Encore referencing Account Number XXXXXXXXXXXX4276 showing a balance of $3,334.00.

21. On or about August 20, 2009, the Plaintiff received a letter from GE Money Bank showing Account Number Ending 4276 and a notation that $634.00 was the amount now due.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

22. The Plaintiff adopts the averments and allegations of paragraphs 7 through 21 hereinbefore as if fully set forth herein.

23. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

24. The Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to her.

25. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by using language the natural consequence of which is to abuse the hearer; and by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

26. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by failing to make meaningful disclosure of the caller's identity in violation of §1692d(6).

27. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages, worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

28. The Plaintiff adopts the averments and allegations of paragraphs 7 through 27 hereinbefore as if fully set forth herein.

29. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

30. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

31. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

32. Defendant negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

33. As a result of Defendant's negligence, the Plaintiff suffered humiliation, worry,

fear, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

34. The Plaintiff adopts the averments and allegations of paragraphs 7 through 33 hereinbefore as if fully set forth herein.

35. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

36. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

37. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

38. Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

39. As a result of Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, worry, fear, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and

every one of the above-cited provisions of 47 U.S.C. § 227(b)(3)(B).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendant as follows:

A.  Statutory damages of $1,000 from the Defendant for its violations of the FDCPA (15 U.S.C. §1692k);

B.  Actual damages for Defendant's violations of the FDCPA;

C.  Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

D.  Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Negligent Training and Supervision; Reckless and Wanton Training and Supervision;

E.  For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed. ID No. 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717

(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

Encore Receivable Management, Inc.
C T Corporation System, Registered Agent
75 Beattie Place
Greenville, SC 29601